IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TIG INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>      v.<br><br>ALFA LAVAL, INC.,<br><br>             Defendant. | Civil Action Number 3:07CV683 |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on a Motion to Dismiss filed by Plaintiff TIG Insurance Company ("TIG") and a Motion for Leave to File Amended Counterclaim filed by Defendant Alfa Laval, Inc. ("Alfa Laval"). For the reasons expressed below, both Motions are GRANTED in part and DENIED in part.

**I. BACKGROUND**

TIG is a successor to American Surety Corporation ("American Surety"). Alfa Laval, a New Jersey corporation with its principal place of business in Richmond, Virginia, is presently involved in several asbestos product liability lawsuits ("Underlying Actions"). Alfa Laval asserts that American Surety sold commercial general liability insurance policies to Alfa Laval's predecessor, The DeLaval Separator Company, for the policy periods of 1951 to 1962. Pursuant to those insurance contracts, Alfa Laval contends that it has paid all premiums due and owing under the polices and, therefore, TIG is obligated to defend, pay defense costs, and indemnify Alfa Laval in the Underlying Actions. Conversely, TIG claims that after a diligent search it has not located any

1

such insurance contracts nor has Alfa Laval located and produced the insurance contracts. Accordingly, TIG brought the present action seeking a declaration that it has no obligation to defend or indemnify Alfa Laval or, in the alternative, that any obligations it may have with respect to the Underlying Actions are barred or limited pursuant to the terms, conditions, definitions, and/or exclusions contained in the alleged insurance contracts.

In response, Alfa Laval filed a Counterclaim alleging, among other things, that TIG breached its duty of good faith and fair dealing. Alfa Laval seeks an award of compensatory, punitive, and exemplary damages for TIG's alleged bad faith.[1] Pursuant to Fed. R. Civ. P. 12(b)(6), TIG moves to dismiss Alfa Laval's claim for breach of good faith and fair dealing, asserting that because a bad faith claim sounds in contract, not tort, Alfa Laval may not seek punitive or exemplary damages. Alfa Laval counters that punitive damages may be awarded in breach of contract actions if an independent, willful tort beyond a breach of a duty imposed by a contract can be demonstrated. In the alternative, Alfa Laval argues that even if the Court determines that punitive damages are not available, dismissal of the entire claim is unwarranted because Alfa Laval also seeks other forms of relief.

This case presents two issues for the Court to resolve: (1) whether, under Virginia law,[2] a bad faith claim constitutes an independent, willful tort for which punitive and exemplary damages may be sought; and, (2) if not, whether a bad faith claim based on a contractual obligation may stand on its own and other forms of relief may be sought, including general damages, consequential

---

[1] In Alfa Laval's proposed Amended Counterclaim, it also seeks consequential damages, and reasonable attorney's fees and costs.

[2] Because the briefs of both parties reference Virginia law and neither raises choice of law as an issue, the Court assumes that Virginia law applies.

damages, and attorney's fees and costs pursuant to Va. Code § 38.2-209(A).

## II. DISCUSSION

### A.

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Consequently, when considering a Rule 12(b)(6) motion, a court accepts as true all "well-pleaded allegations" and construes those allegations in the light most favorable to the non-moving party. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A court may grant a Rule 12(b)(6) motion only if it "appears beyond doubt" that the party bringing the claim cannot prove any facts that would entitle it to relief. Conley, 355 U.S. at 46; accord Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002).

The purpose, however, of stating a well-pleaded claim is to "give the defendant fair notice of the claim and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). A well-pleaded claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Thus, when the allegations in a complaint or counterclaim and the exhibits attached thereto fail to sufficiently state a claim showing that the pleader is entitled relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 1966.

### B.

TIG argues that Alfa Laval fails to state an independent tort claim for which punitive or exemplary damages may be sought because a bad faith claim sounds in contract, not in tort. In Virginia, damages for breach of contract are generally limited to the pecuniary loss sustained and,

therefore, punitive or exemplary damages may not be sought. Kamlar Corp. v. Haley, 299 S.E.2d 514, 517 (Va. 1983); A & E Supply Co., Inc. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 671 (4th Cir. 1986). Virginia courts, however, recognize one exception to this rule. If the breach of contract establishes the elements of an independent, willful tort, then exemplary or punitive damages may be obtained. Kamlar, 299 S.E.2d at 518. An independent tort is "one that is factually bound to the contractual breach but whose legal elements are distinct from it." A & E Supply, 798 F.2d at 672. The Fourth Circuit has held that in a first-party or third-party[3] Virginia insurance relationship, liability for bad faith conduct is a matter of contract rather than tort law. Id. at 676; Bettius & Sanderson, P.C. v. Nat'l Union Fire Ins. Co., 839 F.2d 1009, 1016 (4th Cir. 1988).

Here, Alfa Laval argues that because the Virginia Supreme Court has not directly addressed whether bad faith by an insurance company in a third-party claim constitutes an independent, willful tort, the Court should allow its claim to proceed. However, Alfa Laval fails to acknowledge that the Fourth Circuit has addressed the issue and specifically held that Virginia law does not contemplate a bad faith tort claim for which punitive damages are awarded for what is essentially a breach of contract action. Bettius & Sanderson, 839 F.2d at 1016-17. In Bettius & Sanderson, the Fourth Circuit reasoned that the "function of punitive damages is to punish and deter." Id. at 1016. Virginia law achieves this function, without awarding punitive damages in contract actions, by requiring an insurer to pay a judgment that is in excess of the policy limits when the insurer in bad faith mishandles the disposition of a claim. Id. at 1016-17.

---

[3]Under a first-party insurance obligation, the insurer has a duty to compensate the insured for direct losses within the policy coverage; whereas, in third-party insurance relationships, the insurer has an obligation to defend the insured against claims brought by another. A & E Supply, 798 F.2d at 676 n. 8.

The Fourth Circuit further noted that Va. Code § 38.2-209 authorizes a court to award attorney's fees and costs to the insured where the insurer has acted in bad faith. See Bettius & Sanderson, 839 F.2d at 1017. Thus, because Virginia law punishes and deters insurers from acting in bad faith through legislation and other means, the Fourth Circuit held that Virginia law does not recognize a separate tort for bad faith. Id. at 1016-17; see also Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A., 466 S.E.2d 382, 385 (Va. 1996) (holding that the failure to act in good faith under the Uniform Commercial Code gives rise to a cause of action for breach of contract and does not amount to an independent tort). Accordingly, the Court concludes that Alfa Laval may not seek punitive or exemplary damages on the basis of a breach of good faith and fair dealing because under Virginia law a bad faith claim sounds in contract, not tort. See id.

**C.**

The second issue raised is whether Alfa Laval can maintain a cause of action for bad faith on a contractual theory even though it is barred from pursuing punitive and exemplary damages in tort. Relying on Va. Code § 38.2-209(A) and A & E Supply, Alfa Laval argues that even if the Court finds that punitive damages are inappropriate, its bad faith claim should not be dismissed in its entirety because it seeks other forms of relief, including attorney's fees and costs, compensatory damages, and consequential damages. Conversely, TIG contends that Alfa Laval's request for compensatory and consequential damages is redundant because Alfa Laval seeks the same relief in its breach of contract claim (Count IV).[4]

The Virginia Supreme Court has ruled that an alleged breach of an implied covenant of good

---

[4] Although TIG conceded this issue in oral arguments, the Court will address it for the record.

faith and fair dealing may, on its own, constitute a claim for breach of contract. Levine v. Selective Ins. Co. of Am., 462 S.E.2d 81, 84 (Va. 1995) (holding that the plaintiffs pled sufficient facts to support their action for breach of contract based on the defendant's alleged breach of its covenant of good faith and fair dealing).[5]  In A & E Supply, the Fourth Circuit recognized that under Virginia law, where a indemnitor violates the contractual duty of good faith, "the indemnitee may recover full general and consequential damages." 798 F.2d at 677.  Thus, while there is no separate tort of bad faith, Virginia law does permit general and consequential damages in contract when an insurer breaches its duty of good faith.  Id.

In the present case, Alfa Laval has pled sufficient facts to support its claim for breach of obligation of good faith and fair dealings.  The allegations Alfa Laval assert in its bad faith claim (Count V) are sufficiently distinct from those alleged in its breach of contract claim (Count IV). Therefore, TIG's redundancy argument lacks merit and the Court finds that Count V is capable of standing on its own.

### III. CONCLUSION

For the reasons stated above, the Court shall DISMISS Alfa Laval's prayer for exemplary and punitive damages under Count V. The Court, however, shall not dismiss Count V in its entirety. Additionally, pursuant to Fed. R. Civ. P. 15(a), the Court GRANTS Alfa Laval leave to amend its

---

[5] If a bad faith claim is proven, Va. Code § 38.2-209(A) authorizes a court to award attorney's fees and costs.  A demand under § 38.2-209 is not an independent substantive cause of action. Salomon v. Transam. Occidental Life Ins. Co., 801 F.2d 659, 661 (4th Cir. 1986) (finding that a previous version of § 38.2-209 did "not create a cause of action, but merely permit[ted] the award of attorney fees where a private cause of action already exists").  Therefore, a § 38.2-209 claim is not pled separately; instead, it is treated as "a request in conjunction with the claim from which it arises." Styles v. Liberty Mutual, No. 7:06CV00311, 2006 WL 1890104, at *2 (W.D. Va. July 7, 2006).

Counterclaim in accordance with this Memorandum Opinion, but not as currently proposed.[6]

An appropriate Order shall issue.

>                              /s/
> James R. Spencer
> Chief United States District Judge

Entered this   5th   day of March 2008

---

[6]As presently proposed, Alfa Laval's Amended Counterclaim still improperly seeks punitive and exemplary damages.